Charles A. Loreto, J.
The third-party defendant, May, Borg & Co., moves for dismissal of the third-party complaint, for legal insufficiency.
It is based upon the fifth and sixth causes alleged in the main complaint of Kidder, Peabody & Co. In a fifth cause of action, plaintiff alleges against the defendant Levine (third-party plaintiff) that on December 14 and 15,1959, he caused its employment as broker to purchase on commission 8,400 shares of an issue of common stock for the account and at the risk of Levine. And in a sixth cause of action plaintiff alleges that on December 14 and 15, 1959, an account was stated between it and Levine.
In the third-party complaint it is alleged that on December 14 and 15, 1959, May, Borg & Co. caused to be made and placed orders for the purchase of the named security. Prior thereto it had received instructions from Loewe that the stock would be purchased by and at Loewe’s risk. On December 14 and 15, 1959, May, Borg & Co. received instructions from Loewe to purchase as many shares of common stock of the particular issue as would be available for sale on the American Stock Exchange during those days. After causing the order to be thus given, and after the purchases were made on those days, it was directed by Loewe to divide the stock thus purchased *673 on those days, equally on a dollar basis, among the defendants Loewe, Levine and Edelman. It is further alleged that May, Borg & Co. gave instructions to the plaintiff to allocate 8,400 shares of the stock to the name and account of Levine; further, that May, Borg & Go. placed no orders on behalf of Levine by which it sought to obtain the lowest possible price for the stock; that Loewe was not instructed nor authorized to purchase, order, or otherwise deal in securities or to act as broker or agent in respect thereof for or on behalf of Levine; that May, Borg & Go. did not seek, prior to December 18, 1959, when all of the stock had been allocated and recorded as purchased in the name of Levine, to confirm or to inquire into the authority of Loewe and did not communicate with Levine prior to such purchases. It is further alleged that the conduct of May, Borg & Co. was in violation of the rules of the American Stock Exchange and the customs and usage of the securities business in that none of its members knew Levine or attempted to use diligence to ascertain the essential facts relating to his financial affairs, the extent of his previous trading activities, or other facts relevant to the account established in his name.
There is absolutely no basis by which Levine can obtain indemnity from May, Borg & Co.'if he is found liable to plaintiff. If plaintiff fails to prove that Levine caused its employment or settled an account, Levine cannot be held answerable to plaintiff and therefore there would be no basis for claim over (Coffey v. Flower City Carting & Excavating Co., 2 A D 2d 191, affd. 2 N Y 2d 898).
In essence, what the third-party complaint alleges, is that while Loewe may have been clothed in some manner with authority, so as to render Levine liable to the plaintiff as a principal, yet May, Borg & Co. is responsible by virtue of its conduct as alleged, for bringing into being the appearance of authority on which plaintiff acted.
A theory that others can clothe an agent with the appearance of authority, where the supposed principal is totally lacking in fault, is untenable. The motion is granted and the third-party complaint is dismissed.